## Maxine VILLANOVA, Administratrix *v.*
## Floyd Logan POLLOCK

78-204                                         576 S.W. 2d 501

### Opinion delivered January 22, 1979
### (In Banc)

*McMillan, Turner & McCorkle,* by: *H. W. McMillan,* for appellant.

*Honey & Rodgers,* by: *Charles L. Honey,* for appellee.

JOHN I. PURTLE, Justice. Floyd Logan Pollock and Carroll Elaine Pollock were divorced in the Chancery Court of Nevada County, Arkansas, on July 1, 1977. The only question before the court is the interpretation of that part of the decree, which stated:

> "The only property which the parties acquired is a house . . . which was acquired as an estate by the entirety and which the parties have agreed should be sold and the money equally divided. For this reason, the Court does not make an order at this time pertaining to the disposition of said property but the Court should retain jurisdiction of this cause and if either party desires the house sold, they may so petition the Court."

Before the sale was held, Carroll Elaine Pollock died. Floyd Logan Pollock filed a Petition for Declaratory Judgment in which he sought to be declared the sole owner of the property. The trial court interpreted the language in the decree to have had the effect of continuing the estate by the entirety and awarded the property to the appellee.

Appellant relies upon three points for reversal. The first is to determine if the divorce decree specifically dissolved the estate by the entirety. Ark. Stat. Ann. § 34-1215 (Supp. 1977) provides:

"Hereafter when any Chancery Court in this State renders a final decree of divorce, any estate by the entirety or suvivorship in real or personal property held by the parties to the divorce shall be automatically dissolved unless the Court order specifically provides otherwise, and in the division and partition of said property parties shall be treated as tenants in common."

The crucial words in this statute relating to dissolution of the estate by the entirety are:

". . . shall be automatically dissolved unless the Court order specifically provides otherwise . . . ,"

This statute, Ark. Stat. Ann. § 34-1215 (Supp. 1977), has been in effect since 1975. Prior to its amendment, Ark. Stat. Ann. § 34-1215 (Repl. 1962) stated that the chancery courts ". . . shall have the power to dissolve estates by the entirety . . . "

Therefore, the "magic words" which were missing in the 1947 version of this Act were supplied by the 1975 Amendment. It is now automatic that an estate by the entirety is changed to one in common unless the court decrees otherwise.

The case of *Killgo v. James*, 236 Ark. 537, 367 S.W. 2d 228 (1963), was decided prior to 1975. Therefore, the 1947 provision controlled. There we held the estate continued to be one of entirety and we would reach the same results in this

case except for the 1975 Act. The burden has shifted to the extent that now the change is by law into tenancy in common unless the court decrees otherwise. Under the old Act it remained as tenants by the entirety unless the court decreed otherwise.

The decree in this case states:

". . . , the Court does not make an order at this time pertaining to the disposition of said property. . . . "

Giving the words used in the decree their ordinary meaning, we believe the court did not intend to change the status of the estate at that time although it retained jurisdiction for the purpose of further proceedings if petitioned to do so by the parties.

We, therefore, hold that by operation of law the estate was converted from one by the entirety to one in common by the decree of July 1, 1977. It is our opinion that the "magic words" are now required to hold the estate as one by the entirety. In the instant case, it also has the effect of carrying out the intent of the parties at the time of the divorce.

It is not necessary to discuss appellant's other points, since we reverse and remand with directions to treat the estate as one held as tenants in common.

Reversed and remanded.